**Mark GREEN and wife, Jeannie Green, Appellants,**

v.

**The CITY OF FRIENDSWOOD, Marc Faber, and Brent and Kelli Campbell, Appellees.**

No. 14–98–01117–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 18, 2000.

Rehearing Overruled July 20, 2000.

Kenneth C. Kaye, Houston, for appellants.

James Boanerges, Steven D. Selbe, Houston, for appellee.

Panel consists of Justices SEARS, DRAUGHN, and HUTSON–DUNN.*

* Senior Justices Ross A. Sears, Joe L. Draughn, and D. CamilleHutson–Dunn sitting by assignment.

## OPINION

**D. CAMILLE HUTSON–DUNN,**
Justice (Assigned).

Mark and Jeannie Green appeal from summary judgments granted (1) the City of Friendswood and Marc Faber (Friendswood and Faber), and (2) Brent and Kelli Campbell (Campbells), on their causes of action for damages arising out of an automobile accident. In two points of error, appellant contends the trial court erred in granting summary judgments in favor of appellees. We affirm.

On October 6, 1996, a general alarm for a trash fire was sounded to all Friendswood fire department personnel. As duty officer for the Friendswood fire department, Faber acknowledged the call by radio. Faber proceeded to investigate the fire in a 1992 Ford Explorer that was legally equipped and painted as an emergency vehicle. Faber turned on his emergency lights and sounded his siren, and headed south on FM 518 (Friendswood Drive). As he approached the intersection of FM 518 and FM 2351 (Edgewood), he saw that the traffic light facing him was red. Faber slowed for several vehicles stopped for the traffic light. Appellants were stopped for the light in the inside lane of FM 518, facing south, and the left turn lane was on their left with two or three cars in it. To appellants' right, the outside curb lane was also occupied with several cars. Faber stated he was about 300 feet from the intersection when he saw appellants accelerate into the intersection against the red light, spinning the rear tires. Appellants' vehicle collided with Marzullo's car which was heading east on FM 2351 (Edgewood) at the time. Faber's vehicle did not enter the intersection, did not contact any other vehicle, and stopped 250 to 300 feet north of the accident site.

Appellants sued the Campbells on the theory that their negligence in starting the trash fire caused the fire department to respond, and the fire vehicle forced them to accelerate into the intersection to avoid being hit by the fire vehicle, which caused them to collide with Marzullo's car. The Campbells were controlling the trash fire at the time with a garden hose. Appellants assert that the Campbells were negligent because they did not have a permit from Friendswood in violation of the City ordinances.

Faber and Friendswood filed a motion for summary judgment on the grounds of official immunity of Faber and sovereign immunity of Friendswood, and emergency response immunity under § 101.055(2), Texas Civil Practice and Remedies Code. Under rule 166a(a), Texas Rules of Civil Procedure, Faber and Friendswood alleged that they were not liable to appellants as a matter of law. The trial court granted their motion without specifying the grounds.

The Campbells filed a no-evidence summary judgment motion under rule 166a(i) alleging there is no evidence of proximate cause, which is an essential element of appellants' claim. The trial court granted their motion without specifying the grounds. The trial court severed the causes of action from the remaining claim against Marzullo.

### The Summary Judgment for Faber and Friendswood Under Rule 166a(a)

The standard we follow when reviewing a summary judgment is well-rehearsed. Summary judgment is proper only when the movant establishes there are no genuine issues of material fact and proves he is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). To be entitled to summary judgment, a defendant must either (1) conclusively negate at least one essential element of each of the plaintiff's causes of action, or (2) conclusively establish each element of an affirmative defense to each claim. *See American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997). In deciding whether there exists a disputed fact issue precluding summary judgment, we treat evidence favorable to the nonmovant as true and indulge all

reasonable inferences in the nonmovant's favor. *Id.*

A summary judgment may be affirmed on any of the movant's theories which has merit. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 627 (Tex.1996). Appellate courts should consider all grounds for summary judgment the movant presented to the trial court when properly preserved for appeal and necessary to final disposition of the case. *Id.* When a summary judgment order does not specify the grounds upon which the ruling was made, the reviewing court will affirm the judgment if any one of the theories advanced in the motion are meritorious. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993); *Hall v. Tomball Nursing Ctr., Inc.,* 926 S.W.2d 617, 619 (Tex.App.—Houston [14th Dist.] 1996, no writ).

In their motion for summary judgment, Faber and Friendswood presented two grounds for their motion for summary judgment: (1) official immunity of Faber and sovereign immunity of Friendswood; (2) emergency response exception in section 101.055(2) of the Texas Civil Practice and Remedies Code (Texas Tort Claims Act).

### Emergency Response Defense

Faber and Friendswood contended that Faber was responding to an emergency call and they were not liable under section 101.055(2), Texas Civil Practices and Remedies Code which provides:

> This chapter does not apply to a claim arising:
>
> (2) from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.055(2) (Vernon 1997 & Supp.2000).

In support of their motion, Faber and Friendswood submitted the affidavit of Marc Faber who stated a general alarm was sounded for the Campbells' trash fire to all fire department personnel. As the duty officer, Faber responded, treated the fire as an emergency situation, and drove a fire department emergency vehicle away from the station with the emergency lights and siren on. When he approached the intersection, he observed several vehicles stopped for a red light. Accordingly, he stated that he slowed his vehicle, and planned to wait for the left turn arrow to turn green and he would go through "that route through the intersection." Before he arrived at the intersection, appellants reacted and accelerated into the intersection against the red light and collided with Marzullo's car in the middle of the intersection. Faber's emergency vehicle never entered the intersection, did not contact any cars, and Faber stopped his vehicle 250 to 300 feet away from the intersection.

Appellants' response did not address appellees' emergency response defense. Appellants' challenged only that Faber and Friendswood's evidence was insufficient to prove the "good faith" element of official immunity. In their response, appellants did not contest the fact that Faber was responding to an emergency call and reacting to an emergency situation. Appellant raises for the first time on appeal that Faber and Friendswood have not proved their emergency response affirmative defense and a material fact issue exists. Specifically, appellants argue that Faber and Friendswood have not demonstrated there is no fact issue concerning Faber's knowledge that his actions posed a high degree of risk of serious injury.

By failing to respond to Faber and Friendswood's affirmative defense of emergency response, appellants are limited on appeal to a review of the legal sufficiency of the grounds presented by Faber and Friendswood. *McConnell v.*

*Southside Independent School Dist.,* 858 S.W.2d 337, 343 (Tex.1993). The trial court may not grant summary judgment by default because the nonmovant did not respond to the summary judgment motion when the movant's summary judgment proof is legally insufficient. *See Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999). The movant must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of the movant's cause of action or defense as a matter of law. *Id.*

 The supreme court recently held: "[T]o recover damages resulting from the emergency operation of an emergency vehicle, a *plaintiff* must show that the operator has committed an act that the operator knew or should have known posed a high degree of risk of serious injury (emphasis added)." *City of Amarillo v. Martin,* 971 S.W.2d 426, 430 (Tex.1998). The supreme court further construed section 101.055(2) as specifically excluding the "operation of emergency vehicles in emergency situations from the general waiver of immunity for negligent operation of governmental vehicles." *Id.*

Faber had the statutory privileges provided for operators of emergency vehicles in emergency situations. Section 546.001, Texas Transportation Code, authorizes emergency vehicle operators to exceed a maximum speed limit and disregard a regulation governing the direction of movement or turning in specified directions. Tex. Trans. Code Ann. § 546.001(3), (4) (Vernon 1999 & Supp.2000). Section 546.002 authorizes the privileges set out in 546.001 when the operator is responding to but not returning from a fire alarm. Section 546.003 requires an operator of an emergency vehicle engaging in conduct permitted by section 546.001 to use audible or visual signals. Section 546.005 provides:

> This chapter does not relieve the operator of an authorized emergency vehicle from:

> (1) the duty to operate the vehicle with appropriate regard for the safety of all persons; or

> (2) the consequences of reckless disregard for the safety of others.

Tex. Trans. Code Ann. § 546.005 (Vernon 1999 & Supp.2000).

Section 546.005 replaced former section 24(e), article 6701d, Vernon's Annotated Civil Statutes. Section 24(e) provided that an emergency vehicle driver should exercise *due regard* for others while responding to an emergency, but must face the consequences of reckless disregard for others. *See Martin,* 971 S.W.2d at 428. Section 546.005, effective September 1, 1995, replaced *due regard* with *appropriate regard,* and applies to this case. With respect to this change, the supreme court stated:

> The Legislature's substitution of "appropriate regard" for "due regard" lends credence to our view that the Legislature intended for emergency vehicle operators in emergency situations to be cognizant of public safety, but only intended to impose liability for reckless conduct.

*Martin,* 971 S.W.2d at 431.

 Faber's affidavit conclusively established that he was properly operating his emergency vehicle within the privileges established by the Transportation Code in sections 546.001—546.005, as discussed above in this opinion. He was responding to a general fire alarm (section 546.002), using audible and visual signals while proceeding to the emergency situation (section 546.003), and was authorized to exceed the speed limit and disregard regulations governing the direction of movement or turning in specified directions (section 546.001). The evidence shows Faber observed appellants' vehicle stopped at the red light, at which time Faber slowed his emergency vehicle. There were several cars stopped at the stop light, but appellants were the only ones to react and accelerate into the intersection. After ap-

pellants collided with Marzullo in the middle of the intersection, Faber had already stopped his emergency vehicle some 250 to 300 feet behind the appellant. He never made contact with appellants' vehicle or any other vehicle. The affidavit relied upon by Faber and Friendswood is "clear, positive and direct," "free from inconsistencies," and "could have been readily controverted. TEX.R. CIV. P. 166a(c). Accordingly, Faber's affidavit could support a summary judgment. *See Musgrave v. Lopez,* 861 S.W.2d 262, 264–265 (Tex.App.–Corpus Christi 1993, no writ). The only remaining issue is whether appellees' affidavit was legally sufficient to establish that no genuine issue of material fact existed as a matter of law. *Id.*

Faber's uncontested summary judgment evidence established that he did not drive his emergency vehicle with conscious indifference or reckless disregard for the safety of others, and was legally sufficient evidence to prove Faber and Friendswood's emergency response defense. We find that Faber and Friendswood's uncontested summary judgment proof established that no genuine issue of material fact existed with respect to whether appellees breached their duty of care under section 101.055(2), Texas Civil Practice and Remedies Code. Consequently, Faber and Friendswood are entitled to judgment as a matter of law. Accordingly, we find that the trial court did not err in granting Faber and Friendswood's summary judgment on the emergency response defense.

Having found that Faber and Friendswood's motion for summary judgment has merit on their emergency response defense, we find it unnecessary to address appellants' remaining complaint that Faber and Friendswood did not prove "good faith" in their affirmative defense of official immunity. Our holding on Faber and Friendswood's emergency response defense is dispositive, and we need not address appellants' remaining official immunity issue. TEX.R.APP. P. 47.1; *Cincinnati*

*Life Ins. Co. v. Cates,* 927 S.W.2d at 627. We overrule appellants' point of error one.

## Campbells' No–Evidence Summary Judgment Motion

Appellants contend the trial court erred in granting the Campbells' no-evidence motion for summary judgment. Appellants first contend discovery had not been concluded and an adequate time for discovery had not passed as required by rule 166a(i), Texas Rules of Civil Procedure.

■■ When a party contends it has not had adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See* TEX.R.CIV.P. 166a(g), 251, 252; *Tenneco, Inc. v. Enterprise Products Co.,* 925 S.W.2d 640, 647 (Tex. 1996); *Gabaldon v. General Motors Corp.,* 876 S.W.2d 367, 369 (Tex.App.-El Paso 1993, no writ); *Watson v. Godwin,* 425 S.W.2d 424, 430 (Tex.Civ.App.-Amarillo 1968, writ ref. n.r.e.). The summary judgment record does not reflect that appellants took either of these steps. The contention is overruled.

■ The sole ground for the Campbells' motion for summary judgment was appellants had no evidence of proximate cause, which is an essential element of appellants' claim. Appellants' response was that the Campbells were negligent because they were burning trash without a permit as required by a Friendswood city ordinance. Appellants produced no summary judgment proof of the city ordinance to establish their negligence *per se* contention, nor did they produce any evidence to controvert the Campbells' claim that their fire was not the proximate cause of the accident. In their response to the Campbells' no-evidence motion, appellants attached the same affidavits from the Greens and Curtis Norman they used in their response to Faber and Friendswood's motion for summary judgment. These affidavits are

not evidence that the Campbells' trash fire proximately caused the accident.

We apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 268–70 (Tex.App.—San Antonio 1998, pet. denied); Judge David Hittner & Lynne Liberato, *No–Evidence Summary Judgments Under the New Rule*, in STATE BAR OF TEXAS PROFESSIONAL DEVELOPMENT PROGRAM, 20 ADVANCED CIVIL TRIAL COURSE D, D–5 (1997). (1997). We look at the evidence in the light most favorable to the respondent against whom the summary judgment was rendered, disregarding all contrary evidence and inferences. *Moore*, 981 S.W.2d at 268–70; *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997), *cert. denied*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Moore*, 981 S.W.2d at 268–70; TEX.R. CIV. P. 166a(i). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

The components of proximate cause are cause in fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). These elements cannot be established by mere conjecture, guess, or speculation. *Id.* The test for cause in fact is whether the negligent "act or omission was a substantial factor in bringing about injury," without which the harm would not have occurred. *Id.* Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible. *Id.*

Foreseeability, the other aspect of proximate cause, requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission. *Id.* at 478. The danger of injury is foreseeable if its "general character . . . might reasonably have been anticipated." *Id.* The question of foreseeability, and proximate cause generally, involves a practical inquiry based on "common experience applied to human conduct." *Id.* It asks whether the injury "might reasonably have been contemplated" as a result of the defendant's conduct. *Id.* Foreseeability requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury. *Id.*

Appellants have furnished no evidence to show that the Campbell's negligence, if any, was a substantial factor in bringing about their injury without which the harm would not have occurred. *Id.* at 477. Appellants' summary judgment proof is no evidence of proximate cause, and their argument that "but for" the fire Faber would not have responded and ultimately caused the collision is speculation. Appellants have furnished no evidence that their injury was a foreseeable consequence of Campbells' trash fire. *Id.* at 478. The trial court properly granted the Campbells' no-evidence summary judgment motion. We overrule appellants' contentions in issue two.

We affirm the judgment of the trial court.