In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-026 CV


____________________



LIBERTY COUNTY, TEXAS, AND


JAMES LOUIS BUCHANAN, Appellants



V.



JAMES SEIDEL, ANGELA SEIDEL, 


CHERI VARNADO, AND TARAH LAND, Appellees







On Appeal from the 253rd District Court


Liberty County, Texas


Trial Cause No. 58261






OPINION



 Liberty County, Texas, and James Louis Buchanan assert that the rules of sovereign
immunity and official immunity deprive the trial court of subject matter jurisdiction over
claims arising out of an auto collision involving a police vehicle and the Seidels' vehicle.
The trial court denied appellants' plea to the jurisdiction. We affirm.


The Accident


 Deputy Buchanan and Deputy Kenneth Dagle went to the scene of an auto accident
to provide assistance. Dagle left first, using his sirens and emergency lights. Buchanan
followed, initially using neither. There is testimony he turned his lights on before the
accident; but Angela Seidel testified that when she saw the vehicle in the mirror, the lights
were not on. Buchanan's police car collided with the vehicle driven by James Seidel. In
their suit against Buchanan and Liberty County, the Seidels claim that Buchanan was
negligent or grossly negligent in, among other things, "failing to comply with applicable
laws and ordinances as pertaining to Defendant's response to a call for service" and
"[a]cting with conscious indifference or reckless disregard for the safety of others[.]" 

Immunity


 Appellants claim they are immune from any suit arising out of this accident. 
Immunity from suit defeats a trial court's subject matter jurisdiction. See Texas Dep't of
Transp. v. Jones, 8 S.W.3d 636, 637 (Tex. 1999). 

 The Texas Tort Claims Act is a limited waiver of sovereign immunity. See City of
Amarillo v. Martin, 971 S.W.2d 426, 427 (Tex. 1998). The Tort Claims Act permits a
public employer to be sued for negligent driving by an employee only if "the employee
would be personally liable to the claimant . . . ." Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021(1)(B) (Vernon 1997). "Government employees are entitled to official immunity
from suit arising from the performance of their (1) discretionary duties in (2) good faith
as long as they are (3) acting within the scope of their authority." City of Lancaster v.
Chambers, 883 S.W.2d 650, 653 (Tex. 1994). 

Appellate Jurisdiction


 Before addressing the trial court's jurisdiction, we note that appellees' brief raises
two issues labeled as "cross points" which challenge this court's jurisdiction to hear this
appeal. The first argues that we have no jurisdiction to hear an interlocutory appeal from
James Buchanan under section 51.014(a)(8) of the Civil Practice and Remedies Code, since
51.014(a)(8) grants us such jurisdiction only over orders which grant or deny pleas to the
jurisdiction by government units. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8)
(Vernon Supp. 2002). Liberty County implicitly concedes this point by stating that
Buchanan "is not directly appealing the denial of his own plea to the jurisdiction . . . . 
However, . . . the issue of his official immunity must to some degree be addressed." 
While we do not have jurisdiction over Buchanan, Liberty County is correct in asserting
that the issue of Buchanan's official immunity is inescapably linked with that of the
County's sovereign immunity. As noted above, the Tort Claims Act permits a public
employer to be sued for negligent driving by an employee only if "the employee would be
personally liable to the claimant . . . ." Tex. Civ. Prac. & Rem. Code Ann. §
101.021(1)(B) (Vernon 1997). In a Tort Claims Act case governed by section
101.021(1)(B), the Texas Supreme Court held that "If the employee is protected from
liability by official immunity, the employee is not personally liable to the claimant and the
government retains its sovereign immunity under subsection 1." DeWitt v. Harris County,
904 S.W.2d 650, 653 (Tex. 1995); see also University of Houston v. Clark, 38 S.W.3d
578, 580 (Tex. 2000). We have jurisdiction to consider official immunity as it relates to
Liberty County's assertion of sovereign immunity.

 Appellees' second point contends that Liberty County's interlocutory appeal is
untimely. Appellees contend that there is "no substantive difference" between Liberty
County's plea to the jurisdiction and its earlier motion for summary judgment, and that the
denial of summary judgment, rather than the denial of appellant's plea to the jurisdiction,
triggered the timetable for Liberty County to perfect an appeal under rules of appellate
procedure 26.1(b) and 28.1. See Tex. R. App. P. 26.1(b), 28.1. Appellees cite Denton
County, Texas v. Huther, 43 S.W.3d 665, 667 (Tex. App.--Fort Worth 2001, no pet.) for
this proposition. In that case, the court held that Denton County's interlocutory appeal was
untimely because its time to file an interlocutory appeal began running with the order
denying its initial plea to the jurisdiction, rather than with the denial of its "motion to
reconsider and renewed plea to the jurisdiction." Id. 

 We follow the plain language of the Texas Civil Practice and Remedies Code and
the Texas Rules of Appellate Procedure. Section 51.014(a)(8) of the Civil Practice and
Remedies Code allows interlocutory appeal from denial of a plea to the jurisdiction by a
governmental unit and does not refer to denial of a governmental unit's motion for
summary judgment. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon
Supp. 2002). Tex. R. App. P. 28.1 provides that such appeals will be accelerated. Tex.
R. App. P. 26.1(b) states that accelerated appeals must be filed within 20 days after the
judgment or order appealed from is signed. The trial court signed its written order
denying the plea to the jurisdiction on April 20, 2001. Liberty County and Buchanan filed
their notice of appeal on January 16, 2001. "In a civil case, a prematurely filed notice of
appeal is effective and deemed filed on the day of, but after, the event that begins the
period for perfecting the appeal." Tex. R. App. P. 27.1(a). Therefore, the notice of
appeal here is deemed to have been filed on April 20, 2001, after the order was signed
denying the plea, and was timely.

Analysis


 The Texas Transportation Code sets forth various privileged actions an emergency
vehicle operator may take. See Tex. Transp. Code Ann. § 546.001 (Vernon 1999). The
Transportation Code also says that the provisions do not relieve the operator of the
"consequences of reckless disregard for the safety of others." Tex. Transp. Code Ann.
§ 546.005 (Vernon 1999). The Texas Tort Claims Act applies to actions taken in response
to 9-1-1 calls only if the actions violate a statute or ordinance applicable to the situation. 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.062 (Vernon 1997). 

 Buchanan was authorized to exceed the speed limit and disregard the regulations
governing the direction of movement of vehicles. See Tex. Transp. Code Ann. §
546.001(3),(4) (Vernon 1999); see also Martin, 971 S.W.2d at 430. The Texas
Transportation Code requires the use of audible or visual signals, unless an exception
provided by statute applies. See Tex. Transp. Code Ann. § 546.003 (Vernon 1999); see
Green v. City of Friendswood, 22 S.W.3d 588, 593 (Tex. App.--Houston [14th Dist.] 2000,
pet. denied). Appellees claim that Deputy Buchanan exhibited "reckless disregard" in
failing to use either his siren or his lights. (1) 

 Officer Buchanan was performing a discretionary duty within the scope of his
authority. However, the "good faith" requirement for official immunity has not been
established. Fact issues exist here as to whether or not Deputy Buchanan was using signals
and, if not, whether his failure to use audio or visual signals was a violation of a statute
or ordinance in reckless disregard for the safety of others such that no reasonable person
in the deputy's position could have thought the circumstances justified the deputy's
conduct. See City of Lancaster, 883 S.W.2d at 657 (explaining the "good faith" element
of official immunity). The trial court has subject matter jurisdiction to resolve those
issues. 

 Liberty County contends that the affidavit of Charles Jackson McClelland, expert
witness for the plaintiffs, is insufficient as a matter of law to controvert Buchanan's claim
of official immunity. Appellant claims that McClelland is unqualified to render an expert
opinion, and that his affidavit is insufficient. McClelland has served as Chief of Police in
Orange, Texas, and has served as an instructor at various law enforcement training
academies. He has sufficient expertise to provide the opinion testimony. His affidavit
raises a fact issue concerning the "good faith" element of official immunity.

 We dismiss Buchanan's appeal. We affirm the trial court's denial of Liberty
County's plea to the jurisdiction.

 APPEAL DISMISSED AS TO BUCHANAN; THE DENIAL OF LIBERTY
COUNTY'S PLEA TO THE JURISDICTION IS AFFIRMED.

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on October 11, 2001

Opinion Delivered May 9, 2002

Do Not Publish

 

Before Walker, C.J., Burgess and Gaultney, JJ.
1. The appellees also allege that Liberty County was negligent in training and
supervising Buchanan. We note that in Petta, allegations similar to those presented in this
case, were held to be "not cognizable under the Texas Tort Claims Act." Texas Dept. of
Public Safety v. Petta, 44 S.W.3d 575, 580-81 (Tex. 2001).