In 
The
Court of Appeals
For 
The
First District of Texas


NO. 
01-01-00749-CV


DANIEL R. “DANNY” COLLINSWORTH, 
Appellant
V.
ELLER MEDIA COMPANY; ELLER MEDIA 
CORPORATION; CLEAR CHANNEL COMMUNICATIONS, INC.; PATRICK MEDIA GROUP, INC.; 
PATRICK MEDIA GROUP OF HOUSTON, INC.; CLEAR CHANNEL HOLDINGS, INC.; BROADSTREET 
COMMUNICATIONS CORPORATION; FOSTER & KLEISER CORP.; ELLER OUTDOOR 
ADVERTISING CO. OF TEXAS; AND ELLER OUTDOOR; BOS OUTDOOR ELECTRICAL PRODUCTS, 
INC. D/B/A RELIABLE ELECTRIC PRODUCTS, (INCORRECTLY NAMED AS RELIABLE ELECTRIC 
COMPANY); AND WEISNER STEEL PRODUCTS, INC., 
Appellees


On 
Appeal from the 61st District Court
Harris County, 
Texas
Trial Court Cause No. 
1999-27487


MEMORANDUM 
OPINIONThis is 
a personal injury case. Plaintiff/appellant, Daniel R. “Danny” Collinsworth, 
sued the following defendants/appellees: (1) Eller Media Company; Eller Media 
Corporation; Clear Channel Communications, Inc.; Patrick Media Group, Inc.; 
Patrick Media Group of Houston, Inc.; Clear Channel Holdings, Inc.; Broadstreet 
Communications Corporation; Foster & Kleiser Corp.; Eller Outdoor 
Advertising Co. of Texas; and Eller Outdoor (“the Media defendants”); (2) BOS 
Outdoor Electrical Products, Inc. d/b/a Reliable Electric Products, (incorrectly 
named as Reliable Electric Company) (“Reliable”); and (3) Weisner Steel 
Products, Inc. (“Weisner”). The trial court rendered summary judgment in favor 
of defendants. We affirm.
Background
          On 
June 12, 1997, Collinsworth slipped and fell while performing work on an 
elevated billboard sign. He was using a rachet strap tool to secure a vinyl skin 
to the billboard. The webbing on the ratchet broke and Collinsworth fell to the 
ground approximately 20 feet. He alleged injuries such as permanent scarring, 
disability, and disfigurement. 
          The 
Media defendants filed a traditional and no-evidence motion for summary judgment 
arguing that (1) Collinsworth’s employer (collectively the Media defendants) is 
exempt from suit under the exclusive remedy provision of the Texas Workers 
Compensation Act and (2) Collinsworth failed to present evidence demonstrating 
liability. The trial court granted the Media defendants’ motion for summary 
judgment without stating the basis of its ruling. In his first issue, 
Collinsworth contends that (1) Texas law does not allow corporations to 
disregard their own separate identities and (2) an insufficient amount of time 
had passed to discover evidence. 
          Weisner 
filed a traditional and no-evidence motion for summary judgment arguing that (1) 
Collinsworth’s claims were barred by the statute of limitations and (2) there 
was no evidence that Weisner designed, manufactured, or marketed the ratchet 
strap. The trial court granted Weisner’s motion for summary judgment without 
stating the basis of its ruling. In his second issue, Collinsworth contends that 
the trial court erred in rendering summary judgment for Weisner because an 
insufficient amount of time had passed to discover evidence. 
          Reliable 
filed a traditional and no-evidence motion for summary judgment arguing that (1) 
Collinsworth’s claims were barred by the statute of limitations, (2) Reliable 
affirmatively established that it did not design, manufacture, market, 
distribute, sell, or assemble the ratchet strap, and (3) there is no evidence 
that Reliable designed, manufactured, sold, distributed or otherwise placed into 
the stream of commerce the ratchet strap made the basis of Collinsworth’s 
claims. The trial court granted Reliable’s motion for summary judgment without 
stating the basis of its ruling. In his third issue, Collinsworth contends that 
the trial court erred in rendering summary judgment for Reliable because an 
insufficient amount of time had passed to discover evidence. 
Standard of Review
          We 
review the traditional summary judgment under the usual standard of review. 
See Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). We 
review the no-evidence summary judgment by construing the record in the light 
most favorable to the nonmovant and disregarding all contrary evidence and 
inferences. See Flameout Design & Fabrication, Inc. v. Pennzoil Caspian 
Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A 
no-evidence summary judgment is improperly granted if the nonmovant brings forth 
more than a scintilla of evidence to raise a genuine issue of material fact. 
See Tex R. Civ. P. 
166a(i); Greathouse v. Alvin Indep. Sch. Dist., 17 S.W.3d 419, 423 (Tex. 
App.—Houston [1st Dist.] 2000, no pet.). 
          When 
the trial court does not state the specific grounds on which it granted summary 
judgment, we will affirm if any of the theories advanced is meritorious. 
State Farm Fire & Cas. Co. v. S.S. & G.W., 858 S.W.2d 374, 380 
(Tex. 1993). When there are multiple grounds for summary judgment and the order 
does not specify the ground on which the summary judgment was rendered, 
appellant must negate all grounds on appeal. Id. at 381. If the appellant 
fails to negate each ground on which the judgment may have been rendered, the 
appellate court must uphold the summary judgment. Id.
Adequate Time for Discovery
          Collinsworth 
filed his original petition on May 27, 1999. The trial court signed the summary 
judgment for the Media defendants on June 22, 2000, for Reliable on May 21, 
2001, and for Weisner on June 6, 2001. Collinsworth contends that the trial 
court erred in rendering summary judgments for the Media defendants, Reliable, 
and Weisner because an insufficient amount of time had passed to discover 
evidence. He argues that the trial court should have refrained from ruling until 
his experts had an opportunity to inspect the ratchet. 
          Texas 
Rule of Civil Procedure 166a(i) states that summary judgment is proper only 
after the parties have had adequate time for discovery. Tex. R. Civ. P. 166a(i). The rule does 
not require that discovery be complete, only that an adequate time for discovery 
has passed. Lattrell v. Chrysler Corp., 79 S.W.3d 141, 146 (Tex. 
App.—Texarkana 2002, pet. denied). When a party contends it has not had adequate 
opportunity for discovery before a summary judgment hearing, it must file either 
an affidavit explaining the need for further discovery or a verified motion for 
continuance. Tenneco Inc. v. Enter. Prods. Co., 925 S.W.2d 640, 647 (Tex. 
1996); Green v. City of Friendswood, 22 S.W.3d 588, 594 (Tex. 
App.—Houston [14th Dist.] 2000, pet. denied).
          Collinsworth 
did not file a sworn motion for continuance as permitted by Tex. R. Civ. P. 252. Nor did he file an 
affidavit stating why he needed additional time for discovery or that he 
exercised due diligence in seeking production of the ratchet strap. Tex. R. Civ. P. 166a(g). Accordingly, he 
waived any argument that the motions for summary judgment were premature. See 
Tenneco, 925 S.W.2d at 647; Blanche v. First Nationwide Mortg. Corp., 
74 S.W.3d 444, 450-51 (Tex. App.—Dallas 2002, no pet.); Jaimes v. Fiesta 
Mart, Inc., 21 S.W.3d 301, 304 (Tex. App.—Houston [1st Dist.] 1999, pet. 
denied). 
          Collinsworth 
did not introduce any evidence to raise a material issue of fact. Because he 
failed to produce a scintilla of evidence regarding the challenged elements of 
his causes of action, the trial court properly rendered summary judgments for 
the Media defendants, Reliable, and Weisner. 
          We 
overrule the first, second, and third issues. 
 
Lost Record
          In 
his fourth issue, Collinsworth contends that he is entitled to a reversal 
because he is prejudiced due to the loss from the trial court’s record of 
Reliable’s motion for summary judgment.
          Reliable’s 
motion for summary judgment was included in the fourth supplemental clerk’s 
record filed in this Court on April 25, 2003. Also included in the record is a 
stipulation letter signed by counsel for both Reliable and Collinsworth that 
Reliable’s motion for summary judgment is a true and correct copy of the motion 
filed in the trial court. 
          We 
overrule the fourth issue. 
Conclusion
          The 
judgment of the trial court is affirmed.
                                                                                  Adele 
Hedges
                                                                                  Justice
Panel consists of Justices Hedges, 
Nuchia, and Keyes.