Homer **PERSER**, Individually, and as surviving spouse of Reba May Perser, and as Personal Representative of the Estate of Reba May Perser; and Glenn Perser and Larry Perser, Appellants,

v.

**CITY OF ARLINGTON, Appellee.**

No. 2–87–035–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 15, 1987.

John Wright & Associates, and Martha C. Wright, Grand Prairie, for appellants.

Canter, Hanger, Gooch, Munn & Collins and Donald K. Buckman, Fort Worth, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

## OPINION

FARRIS, Justice.

Appellants complain, in four points of error, of the trial court's granting the appellee, the City of Arlington, a summary judgment. However, in argument, the appellants conceded that the only question is whether Mid–Cities Ambulance was an agent of the appellee. The summary judgment was apparently based solely upon the pleadings, because there is no evidence supporting the summary judgment: no affidavits, depositions, admissions, or stipulations are contained in the record. The only answers to interrogatories to a party in the record are the answers of the appellee which may be used only against it. We affirm the summary judgment because we find that, despite the absence of summary judgment proof, the appellants' pleadings do not state a legal claim or cause of action against the appellee. See Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540, 543 n. 1 (Tex.1971). Appellants have not successfully pled a cause of action against the appellee because appellants allege facts that, if proved, would establish appellee's defense of governmental immunity. Appellee contends that as a subdivision of the State of Texas it enjoys governmental immunity. Appellants' pleadings identify the appellee as a city. Appellee contends that the injuries suffered by appellants are the result of the acts of a third party, and do not fall within the statutory waiver of governmental immunity. The appellants allege that an employee of Mid–Cities Industries, Inc., a corporation, caused appellants' damages.

Appellants' cause of action is one for the wrongful death of Reba May Perser. The deceased became ill while dining in a privately owned restaurant. A phone call was placed to appellee who dispatched Arlington Fire Department personnel to render aid to the deceased. At approximately the same time a call was placed to Mid–Cities Ambulance requesting that an ambulance be dispatched. According to appellants' pleadings, after picking up the deceased, the ambulance driver became lost and as a consequence the deceased died without receiving necessary medical treatment. Attached to the appellants' third amended petition is the contract between the City of Arlington and Mid–Cities Industries, Inc. The contract provides that Mid–Cities Industries, Inc., doing business as Mid–Cities Ambulance, will provide ambulance service within the City of Arlington as an independent contractor. Appellants' pleadings, taken as a whole, seek recompense for injuries which result from the act or omission of an independent contractor, and an independent contractor is expressly excluded from the statutory definition of employee (which also defines an agent). See TEX. CIV.PRAC. & REM.CODE ANN. sec. 101.-001 (Vernon 1986). Appellants have pled facts which negate their claim that Mid–Cities was an agent of the appellee.

Ordinarily, a summary judgment cannot be based solely upon the failure of a plaintiff to plead a cause of action unless the defendant levels a special exception to the deficiency, affording the plaintiff an opportunity to amend his pleading to state a cause of action. See Texas Department of Corrections v. Herring, 513 S.W.2d 6, 9 (Tex.1974). However, in this case, the appellee, in its motion for summary judgment, specifically stated why appellants' pleadings were deficient. After appellee filed its motion for summary judgment, the appellants twice amended their pleadings and continued to plead themselves out of court by affirmatively negating their cause of action. See id. To the last of their amended pleadings, the appellants attached the contract which described Mid–Cities as an independent contractor but pled no facts which would show the actual relationship between appellee and Mid–Cities was other than that set out in the contract.

Because appellants have demonstrated an apparent inability to state a cause of action against appellee, we overrule appellants' four points of error and affirm the judgment of the trial court.