BAUBLES & BEADS, et al., Appellants,

v.

LOUIS VUITTON, S.A., et al.,
Appellees.

No. 9678.

Court of Appeals of Texas,
Texarkana.

Feb. 22, 1989.

**378**

James T. Lombardino, Saccomanno & Clegg, Houston, for appellants.

Richard Frankel, Miller, Keeton, Bristow & Brown, Houston, for appellees.

BLEIL, Justice.

Baubles & Beads, a partnership, and Deborah Hyche, an employee of Baubles & Beads, appeal from an adverse summary judgment. Baubles & Beads and Hyche sued Louis Vuitton S.A.; Reboul, MacMurray, Hewitt, Maynard, & Kristol, a law firm representing Louis Vuitton; and attorneys Robert Devlin and Bruce Lederman, seeking to recover damages on the following causes of action: (1) abuse of process, (2) libel per se, and (3) slander per se. The trial court granted a summary judgment that they take nothing by virtue of their actions.

On December 18, 1986, Vuitton instituted an action in the United States District Court against Baubles & Beads, Marilyn Chafee, Deborah Hyche, and Sarah Henderson for trademark infringement, false designation of origin, and unfair competition. On December 19, 1986, a United States Magistrate issued an ex parte seizure order pursuant to 15 U.S.C.A. § 1116(d)(2) (Supp.1988) authorizing Vuitton's search of the Baubles & Beads premises and the seizure of counterfeit merchandise and various items. The plaintiffs' abuse of process claim and slander claim arose from the defendants' execution of this order.

Devlin accompanied a United States Marshall to various locations in Houston to assist in the seizure and impoundment of counterfeit Vuitton merchandise from other businesses pursuant to similarly issued ex parte seizure orders. During one of the seizures, Devlin was interviewed by two local television stations. The libel claim arises from the statements made by Devlin during the news broadcasts.

 Baubles & Beads and Hyche contend that the trial court erred in granting summary judgment on their abuse of process claim. Abuse of process is the malicious misuse or misapplication of process in order to accomplish an ulterior purpose. *See Restatement (Second) of Torts* § 682 (1977); W. Keeton, *Prosser and Keeton on The Law of Torts* § 6 (5th ed. 1984); 59 Tex.Jur.3d *Process, Notices, and Subpoenas* § 6 (1988). The elements of an action for abuse of process are:

(1) that the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and (3) that damage resulted to the plaintiff as a result of such illegal act.

*Blanton v. Morgan,* 681 S.W.2d 876, 878 (Tex.App.–El Paso 1984, writ ref'd n.r.e.); *Martin v. Trevino,* 578 S.W.2d 763, 769 (Tex.Civ.App.–Corpus Christi 1978, writ ref'd n.r.e.); *J.C. Penney Company v. Gilford,* 422 S.W.2d 25 (Tex.Civ.App.–Houston [1st Dist.] 1967, writ ref'd n.r.e.). When

the process is used for the purpose for which it is intended, even though accompanied by an ulterior motive, no abuse of process occurs. *See Restatement (Second) of Torts* § 682 comment b (1977).

Baubles & Beads and Hyche contend that the movants failed to carry their burden of proof. A defendant who moves for summary judgment has the burden of demonstrating that, as a matter of law, no material issue of fact exists with respect to the plaintiffs' cause of action. *Griffin v. Rowden*, 654 S.W.2d 435, 435–36 (Tex.1983). Summary judgment for a defendant is proper if the summary judgment evidence demonstrates that at least one element of the plaintiff's cause of action has been conclusively established against the plaintiff. *Sakowitz, Inc. v. Steck*, 669 S.W.2d 105 (Tex.1984); *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975).

■ Vuitton's summary judgment evidence included documents from the federal court proceeding, Hyche's deposition testimony, and Lederman's affidavit concerning the execution of the seizure order. Baubles & Beads and Hyche filed a response to the motion for summary judgment, but produced no summary judgment evidence. Neither pleadings nor a response to a motion for summary judgment constitutes summary judgment evidence. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540, 545 (Tex.1971); *Nicholson v. Memorial Hosp. System*, 722 S.W.2d 746, 749 (Tex.App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.). In order to avoid an adverse summary judgment, a nonmovant must produce summary judgment evidence controverting the movant's summary judgment proof, unless the movant's summary judgment proof is legally insufficient. *Sakowitz, Inc. v. Steck*, 669 S.W.2d at 107. Vuitton's summary judgment evidence demonstrates the successful execution of a validly issued ex parte seizure order.

■ Baubles & Beads and Hyche also assert that the summary judgment was improper because they raised material issues of fact in the pleadings, admissions, and answers to interrogatories. Pleadings are not summary judgment evidence. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). Generally, a genuine issue of material fact is not raised by allegations in a pleading when they are controverted by affidavits or other evidence; and the allegations pleaded must be bolstered by counteraffidavits or other evidence. 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 17.26.8 (rev.1984). Neither the admissions nor the answers to the interrogatories controvert Vuitton's summary judgment evidence. Baubles & Beads and Hyche raised no material issue of fact with respect to their claim for abuse of process.

■ Moreover, a summary judgment may be based solely upon a plaintiff's failure to plead a cause of action if the defendant has previously specially excepted to the deficiency and the plaintiff has been afforded an opportunity to replead his cause of action. *Perser v. City of Arlington*, 738 S.W.2d 783 (Tex.App.–Fort Worth 1987, writ denied). In their second amended petition, the plaintiffs averred that the defendants abused the legal process of seizure of property to further other improper and perverted uses, which were neither warranted nor authorized by the process. Specifically, they alleged that the "Defendants improperly used the process to intimidate Plaintiffs, to obtain publicity and to increase Christmas sales of LV products, to decrease the sales of Defendants, to threaten Defendants with criminal prosecution, [and] to falsely accuse Defendants of a crime." These pleadings do not allege any coercive use of the process. To constitute an abuse of process, the process must have been used to accomplish an end which is beyond the purview of the process and which compels a party to do a collateral thing which he could not be compelled to do. *Blanton v. Morgan*, 681 S.W.2d at 878; *see also Martin v. Trevino*, 578 S.W.2d at 769; *Blackstock v. Tatum*, 396 S.W.2d 463, 467–68 (Tex.Civ.App.–Houston 1965, no writ); and *Restatement (Second) of Torts* § 682 comment b (1977).

Baubles & Beads and Hyche also maintain that the trial court erred in rendering summary judgment for the defendants on

the libel and slander claims. They assert that genuine issues of material fact existed with respect to these claims.

 Baubles & Beads and Hyche failed to respond to Vuitton's motion for summary judgment and offered no summary judgment evidence. The rule with respect to waiver of error in summary judgment cases is set forth in *City of Houston v. Clear Creek Basin Authority,* 589 S.W. 2d at 678, 679. The court instructed that:

> [T]he non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support summary judgment. The non-movant, however, may not raise any *other* issues as grounds for reversal.

> [T]he non-movant must now, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assign them as error on appeal.

*City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678, 679. Baubles & Beads and Hyche failed to preserve this point of error for review since the sufficiency of the movants' summary judgment proof was not an issue expressly presented to the trial court. As one court has stated, the nonmoving party is now required to make some response to the motion for summary judgment, and in that response must bring fact issues to the attention of the trial court as a predicate to relying on those issues on appeal as grounds for reversal. *Feller v. Southwestern Bell Tel. Co.,* 581 S.W.2d 775, 776 (Tex.Civ.App.–Houston [14th Dist.] 1979, no writ). An appellate court is not authorized to reverse a trial court's judgment in the absence of properly assigned error. *Central Educ. Agency v. Burke,* 711 S.W.2d 7, 8 (Tex.1986); *State Bd. of Ins. v. Westland Film Indust.,* 705 S.W.2d 695, 696 (Tex.1986). Since Baubles & Beads and Hyche failed to expressly present any fact issues to the trial court with respect to

this motion for summary judgment, no error has been preserved for review.

 Moreover, the defendants presented sufficient grounds in their motion to entitle them to summary judgment and they presented proof to support these grounds. A defendant is entitled to summary judgment if he demonstrates that at least one element of the plaintiff's cause of action has been conclusively established against the plaintiff. *Sakowitz, Inc. v. Steck,* 669 S.W.2d at 107–08; *Rosas v. Buddies Food Store,* 518 S.W.2d at 537.

 Baubles & Beads and Hyche alleged in their first amended petition that Lederman published defamatory statements to individuals at Baubles & Beads' place of business when executing the ex parte seizure order. The defendants moved for summary judgment on three grounds: (1) that the alleged statements were not published; (2) that the alleged statements, if made, were true; and (3) that the alleged statements, if made, were absolutely privileged. Actionable slander is the oral publication of a defamatory statement without legal excuse. 50 Tex. Jur.3d *Libel and Slander* § 3 (1986). Since the defendant need only negate one element of plaintiffs' cause of action, only publication will be addressed here.

Vuitton established that there was no publication. The term "publication" is defined as any negligent or intentional act that communicates defamatory matter to a person other than the person defamed. J. Edgar & J. Sales, *Texas Torts and Remedies,* § 52.04[1] (1988). Vuitton's summary judgment evidence includes the deposition testimony of Hyche in which she testified that Lederman's statements were made either solely in her presence or were made in the presence of Kris Johnson and Angela Carabes. The depositions of these two persons show that they did not hear the alleged statements. This negates the publication element of plaintiffs' cause of action.

 Vuitton also established that an element of the action for libel was conclusively proven against Baubles & Beads and Hyche. The plaintiffs alleged that the defendants committed libel by:

willfully and maliciously publishing, or causing to be published, on television, false statements alleging plaintiffs had committed the felonious conduct of counterfeiting merchandise. The defamation was made to injure plaintiffs' reputation and exposed plaintiffs to public hatred, contempt, ridicule or was made to impeach plaintiffs' honesty, integrity or virtue.

In their motion for summary judgment, the defendants averred that they were entitled to summary judgment on this claim because: (1) the words spoken in the broadcast were not reasonably capable of a defamatory meaning; (2) the statements did not mention, refer to, or concern the plaintiffs; (3) every statement was true and thus, as a matter of law, not defamatory; and (4) if any statement could be referred to the plaintiffs, it was absolutely privileged. The defendants offered summary judgment proof with respect to this claim, including a transcript of each of the broadcasts and the deposition of Hyche in which she testified that neither she nor Baubles & Beads were mentioned in either broadcast and that neither she nor Baubles & Beads were pictured during the broadcast.

 The threshold question in a libel action is whether the statements were reasonably capable of a defamatory meaning. *Musser v. Smith Protective Services, Inc.*, 723 S.W.2d 653, 654–55 (Tex.1987). Devlin's statements in the broadcasts are not reasonably capable of defamatory meaning. The broadcast in which the statements were made was on a Houston television station. A reporter interviewed Steve Yoon, the proprietor of a local flea market establishment, and Robert Devlin, the attorney representing Vuitton, about the sale of counterfeit Vuitton goods. Devlin indicated that sales of counterfeit Vuitton goods damages Vuitton's reputation because the counterfeit goods are of inferior quality. Devlin also indicated that Vuitton pursued counterfeiters all over the United States. If any of the statements made in the broadcast were capable of being considered defamatory, they would not have been defamatory of the plaintiffs in this case, who were not mentioned.

The plaintiff must be the particular person about whom the allegedly defamatory statement is made. *Newspapers, Inc. v. Matthews*, 161 Tex. 284, 339 S.W.2d 890, 893–94 (1960); *Davis v. Davis*, 734 S.W.2d 707, 711 (Tex.App.–Houston [1st Dist.] 1987, writ ref'd n.r.e.). The plaintiffs were not mentioned in the broadcasts. Vuitton presented sufficient summary judgment evidence to demonstrate that at least one element of Baubles & Beads' and Hyche's cause of action for libel was conclusively established against them.

We affirm the trial court's judgment.