Troy REVILL, Appellant,

v.

GIFFORD–HILL & COMPANY, INC., Appellee.

No. 6–92–039–CV.

Court of Appeals of Texas, Texarkana.

Aug. 11, 1992.

Harry B. Friedman, Harkness & Friedman, Texarkana, for appellant.

Kelly B. Tidwell, Atchley, Russell, Waldrop, Hlavinka, Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

GRANT, Justice.

Troy Revill appeals from a summary judgment rendered against him on his suit against Gifford–Hill & Company. This case involves the construction of a written contract between Gifford–Hill & Company and Four States Transportation to determine whether Revill is a third-party beneficiary. His suit was based upon a claimed breach of contract. Revill contends that there are material facts that should be determined by a jury in this matter and

that by failing to allow these facts to be resolved by a jury, the trial court has, in effect, made a new contract for the parties involved.

Summary judgment is proper provided the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975); *Baubles & Beads v. Louis Vuitton, S.A.,* 766 S.W.2d 377 (Tex.App.–Texarkana 1989, no writ); TEX.R.CIV.P. 166a(c). This Court will not consider evidence that favors the movant's position unless it is uncontroverted. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gonzalez v. Mission American Insurance Co.,* 795 S.W.2d 734, 736 (Tex.1990); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970). The rules to be followed in such a review are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546 (Tex.1985).

■ In summary judgment proceedings, the trial is conducted on independently produced proof, such as affidavits, depositions, interrogatories, and admissions. *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540, 545 (Tex.1971); *Hancock v. City of San Antonio,* 800 S.W.2d 881, 888 (Tex.App.–San Antonio 1990, writ denied).

■ In construing the contract to determine whether Revill is a third-party beneficiary, our primary concern is to ascertain the true intentions of the parties as expressed in the instrument. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). When the provisions of a contract are unambiguous, the question whether the contract was made for the benefit of a third person is one of law to be determined from the contract alone. *Texas & P. Ry. Co. v. Citizens Nat. Bank in Abilene,* 126 S.W.2d 765 (Tex.Civ.App.–Eastland 1939), *rev'd on other grounds,* 136 Tex. 333, 150 S.W.2d 1003, *cert. denied,* 314 U.S. 656, 62 S.Ct. 109, 86 L.Ed. 526 (1941). If a contract contains an ambiguity, the granting of a motion for summary judgment is improper because the interpretation of the instrument becomes a fact issue. *Reilly v. Rangers Management, Inc.,* 727 S.W.2d 527 (Tex.1987); *Coker,* 650 S.W.2d at 394.

A written contract was entered into between Four States Transportation Company, Inc. and Gifford–Hill & Company, Inc. By the terms of this contract, Gifford–Hill hired Four States Transportation to haul material from Gifford–Hill's Ashdown plant to different locations within Texas. The contract provides that Four States would be treated as an independent contractor with full control and supervision over its employees in the performance of that work and further contains an indemnification clause which would be applicable if Four States Transportation or its employees or subcontractors caused injury or death as a result of its operations under the contract.

The undisputed facts shown by affidavits attached to Gifford–Hill's motion for summary judgment reflect that Troy Revill, an owner-driver of a transport truck, who was employed by Four States, had a flat tire on the truck while on Gifford–Hill's property. Contrary to direct instructions from a Gifford–Hill supervisor, Revill towed his truck across a landscaped yard, causing consider-

able damage. As a result of this action contrary to their instructions, Gifford–Hill banned Revill from its grounds.

Revill contends that he was a third-party beneficiary to the contract and that Gifford–Hill had no authority to keep him from its grounds.

 We find no ambiguity in the contract. A third-party cannot recover under a contract unless the third-party can show that the contract was made for the benefit of the third-party and that the contracting parties intended that the third-party benefit by it. *Vapor Corp. v. Welker*, 582 S.W.2d 858 (Tex.Civ.App.–Beaumont 1979, no writ). Revill is not a party to the contract and is not expressly mentioned in the contract. Parties are presumed to contract for themselves; a contract will not be construed as having been made for the benefit of a third-party unless such an intention clearly appears. *MJR Corp. v. B & B Vending Co.*, 760 S.W.2d 4 (Tex.App.–Dallas 1989, writ denied). The individuals hired by Four States Transportation to haul the materials under the terms of the contract are incidental beneficiaries as a result of their employment with Four States Transportation; the purpose of the contract is for benefits to flow to the parties to the contract.

The trial court correctly ruled as a matter of law that Revill has no rights under the terms of the contract. The judgment of the trial court is affirmed.