Mary Jane MUSGRAVE, Individually
and as Next Friend of J.T., A
Minor, Appellant,

v.

Alonzo LOPEZ, Jerry Doyle, and
Calhoun County Independent
School District, Appellees.

No. 13–92–361–CV.

Court of Appeals of Texas,
Corpus Christi.

July 29, 1993.

Charles A. Hood, Guardian Ad Litem.

G. Michael Cooper, III, Houston, for appellant.

Tom Garner, Jr., Garner, Roberts & Roberts, Port Lavaca, for appellees.

Before NYE, C.J., and GILBERTO HINOJOSA and SEERDEN, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Appellant, Mary Jane Musgrave, individually, and as next friend of J.T., challenges the trial court's granting of a summary judgment motion in favor of appellees, Calhoun County Independent School District and Jerry Doyle, Superintendent. We affirm.

J.T. was an eleven year-old, hearing-impaired female child when the events giving rise to this suit occurred. J. lived in Port Lavaca, Texas, and attended school twenty-five miles away at the Victoria I.S.D. Regional Program for the Deaf in Victoria, Texas. Calhoun County Independent School District (CCISD) transported J. and two other students by bus between Port Lavaca and Victoria. CCISD employed Alonzo Lopez from January 29, 1989, to September 29, 1989, to drive this bus.

At midday on September 28, 1989, Mary Jane Musgrave, J.'s mother, notified CCISD that J. had indicated to her that Lopez had been sexually molesting, on a daily basis, J. and the other children who rode the CCISD bus. CCISD immediately suspended Lopez, forbidding him to transport the children that afternoon. The next day, September 29, 1989, Lopez was fired.

Appellant sued Lopez and appellees for negligence.[1] In her petition, appellant alleged that appellees negligently hired and negligently supervised Lopez, claiming that appellees ignored Lopez' "prior conduct and record which clearly demonstrated his unwillingness to comply" with policies of CCISD and the laws of the state of Texas.

Appellees filed a motion for summary judgment in which they denied any negligence and argued that, under the doctrine of sovereign immunity, CCISD was not liable for its employees' acts of negligence, if any, because the acts did not fall within the limited waiver of § 101.021 of the Texas Tort Claims Act. See TEX.CIV.PRAC. & REM.CODE § 101.021 (Vernon 1984). Appellees argued that their summary judgment proof conclusively established facts which defeated appellant's claims as a matter of law.

Appellees' argument was supported by the affidavits of Jerry Doyle, named defendant and Superintendent of CCISD, and Robert Wall, Director of Transportation of CCISD. As Director of Transportation, Wall was responsible for supervising all bus drivers for CCISD. With respect to negligent hiring, Wall attested that, before Lopez was hired, his driving record and references were checked. He stated that CCISD did not have access to a criminal background check and was not required to make such a check at that time. Wall contacted some of Lopez' employment references and found nothing which indicated that he might have ever sexually molested a child. With respect to negligent supervision, Doyle and Wall attested that they did not know or suspect that Lopez molested children until September 28, 1989, when J.'s mother notified them of J.'s complaint. They immediately suspended Lopez, forbidding him to transport the children, and fired him the next day. Discovery documents on file with the trial court for the motion for summary judgment indicate that the only reprimand against Lopez prior to September 28, 1989, involved a report that he smoked cigarettes on the bus.

In her response to appellees' motion for summary judgment, appellant did not include any affidavits or other documents which contested the allegations made by Wall and Doyle. She merely asserted that the affidavits are "at best, Defendants [sic] general denial under oath."

The trial court granted appellees' motion for summary judgment without stating the

---

1. Lopez settled with appellant for $12,000 before appellees filed their motion for summary judg-     ment.

grounds, other than that appellees had shown that "there are no genuine issues of material fact" and that "as a matter of law, Plaintiffs cannot recover with regard to one or more elements of each of Plaintiffs' causes of action."

A defendant moving for summary judgment must show that the plaintiff has failed to establish at least one element of each asserted cause of action. *Gray v. Bertrand*, 723 S.W.2d 957, 958 (Tex.1987); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Boyd v. Fuel Distributors, Inc.*, 795 S.W.2d 266, 269 (Tex.App.—Austin 1990, writ denied). The standard of review on appeal from the granting of a motion for summary judgment is the following: 1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; 2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and, 3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The reviewing court only considers issues expressly presented to the trial court by written motion or response. TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979).

In order to avoid an adverse summary judgment, a non-movant must produce summary judgment evidence controverting the movant's summary judgment proof, unless the movant's summary judgment evidence is legally insufficient. *Sakowitz, Inc. v. Steck*, 669 S.W.2d 105, 107 (Tex.1984); *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377, 379 (Tex.App.—Texarkana 1989, no writ). Neither a petition nor a response to a motion for summary judgment constitutes summary judgment evidence. *City of Houston*, 589 S.W.2d at 678; *Hidalgo v. Surety Savings and Loan Association*, 462

S.W.2d 540, 545 (Tex.1971); *Baubles & Beads*, 766 S.W.2d at 379. Rule 166a(c) of the Texas Rules of Civil Procedure provides that a "summary judgment may be based on uncontroverted testimonial evidence of an interested witness ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R.CIV.P. 166a(c).

Appellant failed to bring forth even a scintilla of summary judgment evidence which controverted the factual assertions in appellees' affidavits. Appellant's assertion in her petition that appellees ignored Lopez' "prior conduct and record," and nothing more, does not constitute summary judgment evidence. *City of Houston*, 589 S.W.2d at 678; *Hidalgo*, 462 S.W.2d at 545; *Baubles & Beads*, 766 S.W.2d at 379. Consequently, appellees' summary judgment evidence is uncontested.

Moreover, the affidavits relied upon by appellees are "clear, positive and direct," "free from inconsistencies," and "could have been readily controverted." TEX.R.CIV.P. 166a(c). Accordingly, appellees' affidavits could support a summary judgment.

The only remaining issue is whether appellees' affidavits were legally sufficient to establish that no genuine issue of material fact existed as a matter of law. *Sakowitz, Inc.*, 669 S.W.2d at 107; *Baubles & Beads*, 766 S.W.2d at 379.[2] We need not reach the issue of whether appellees waived soveign immunity because their uncontested summary judgment evidence established that neither Doyle nor CCISD negligently hired or negligently supervised Lopez. Wall was responsible for hiring Lopez. He attested that he checked Lopez' driving record and contacted employment references, none of which indicated that Lopez had a history of child molestation. Both Wall and Doyle supervised Lopez, and neither had any knowledge or suspicion of Lopez' misconduct until September 28, 1990. The only reprimand Lopez

---

**2.** Appellant pleaded negligent hiring and negligent supervision in that appellees ignored Lopez' "prior conduct and record." Thus, the intentional tort exemption of the Texas Tort Claims Act does not dispose of appellant's claim. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.057(2) (Vernon 1984).

received during eight months of employment was for smoking cigarettes on the school bus. When they were notified of J.'s allegations, Wall and Doyle immediately suspended Lopez and fired him the next day.

We find that appellees' uncontested summary judgment proof established that no genuine issue of material fact existed with respect to whether appellees breached their duty to hire and supervise Lopez with reasonable care. *Nixon,* 690 S.W.2d at 548. Consequently, appellees are entitled to judgment as a matter of law. *Id.*

The judgment of the trial court is AFFIRMED.

NYE, C.J., not participating.