In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00043-CV


______________________________




MIGUEL DE JULIAN, Appellant



V.



KERIC HAMMOCK, Appellee




 


On Appeal from the 123rd Judicial District Court


Panola County, Texas


Trial Court No. 2000-A-067-A




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Miguel De Julian sued Keric Hammock and Jacob Dewayne Smith for injuries caused when
Smith allegedly shot De Julian in the eye with a BB gun while at Hammock's apartment complex. 
The trial court granted Hammock's motion for summary judgment and ordered De Julian's claims
against Hammock severed from the claims against Smith. De Julian appeals that award of summary
judgment. For the reasons set forth below, we affirm the trial court's judgment in favor of
Hammock.

I. Background

 In 1999, De Julian lived at Hammock's apartment complex in Carthage, Texas. According
to De Julian's original petition, on October 1, 1999, Smith (age nineteen at the time) was roaming
the apartment complex randomly shooting at people with his BB gun. During the shooting,
De Julian was shot in the eye. De Julian lost an eye as a result of his injuries. De Julian sued Smith,
as the alleged shooter, for the intentional tort and Hammock, as the apartment complex owner, for
negligence in failing to keep the apartment complex safe from Smith's alleged criminal act. 

 Hammock moved for summary judgment on the bases that he (1) owed no duty to De Julian,
and (2) could not have foreseen or prevented the harm caused by Smith's alleged conduct. According
to the record, Smith has yet to be served with the petition and cannot be found. 



II. Did the trial court err by granting summary judgment for the property owner?

 In his first point of error, De Julian contends the trial court erred by granting Hammock's
motion for summary judgment. Generally, a person has no legal duty to protect others from the
criminal conduct of a third party. Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996). Nor do
property owners have a duty to regularly inspect criminal records to determine the risk of crime in
an area. Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 759 (Tex. 1998). 

 De Julian's second amended petition alleged Hammock owed a duty to prevent Smith's
criminal conduct because Hammock (a) accepted Smith as a resident in Hammock's house, and
Smith was known to have a violent and criminal history, without adequately providing for the safety
of those who would come in contact with Smith; (b) made a BB gun available to Smith, who was
known to have a tendency toward violence, a lack of impulse control, and a lack of the character and
skills necessary to handle a BB gun safely; (c) allowed Smith to possess a BB gun on Hammock's
residence premises when Smith was known to have a tendency toward violence, a lack of impulse
control, and a lack of the character and skills necessary to handle a BB gun; (d) failed to adequately
supervise Smith to prevent him from shooting De Julian; (e) failed to call police for assistance and
protection; (f) failed to warn De Julian of Smith's violent and irresponsible nature; (g) failed to
require Smith to leave the premises when Smith's behavior became violent; and (h) failed to protect
invitees on the premises from Smith's criminal acts when Hammock knew or had reason to know
of an unreasonable risk of harm to invitees. 

 Hammock moved for summary judgment alleging he owed no duty to De Julian absent a
foreseeable risk of harm. Hammock claimed he could not have foreseen Smith would shoot people
with a BB gun. The trial court agreed. A duty exists only when the risk of criminal conduct is so
great that it is unreasonable and foreseeable. Id. at 756.

 The Texas Supreme Court recently addressed the test used to determine whether a premises
owner may be held liable for another's criminal conduct.

 When we consider whether a particular criminal act was so foreseeable and
unreasonable as to impose a duty upon a landowner, we first examine the particular
criminal conduct that occurred in light of "specific previous crimes on or near the
premises." Walker, 924 S.W.2d at 377. If, after applying the Timberwalk factors of
similarity, recency, frequency, and publicity, see Timberwalk, 972 S.W.2d at 756-57,
we determine that the general danger of the criminal act was foreseeable, we then
apply the second prong of the foreseeability analysis and determine whether it was
foreseeable that the injured party, or one similarly situated, would be the victim of
the criminal act. In essence, we consider whether the plaintiff was within the range
of the defendant's apprehension such that her injury was foreseeable. See Palsgraf,
162 N.E. at 99-100. Only when we have analyzed the criminal act within the context
in which it occurred can we determine whether the landowner owed a duty to the
injured party. See, e.g., Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex.
1995) (when determining whether a duty lies, we must consider all "the facts
surrounding the occurrence in question").


Mellon Mortgage Co. v. Holder, 5 S.W.3d 654, 656-57 (Tex. 1999). 

 In Timberwalk, a resident sued her apartment complex after she was raped by an intruder. 
Timberwalk Apartments, Partners, Inc., 972 S.W.2d at 751. The resident alleged the apartment
complex negligently failed to provide adequate security. Id. The facts of Timberwalk do not suggest
that the convicted rapist was related to a member of Timberwalk's management team or that any
other type of close relationship existed between the assailant and Timberwalk. Thus, Timberwalk's
test (as reiterated by Mellon Mortgage Co., 5 S.W.3d at 656-57, requiring evidence of criminal
activity on or near the premises before the alleged crime causing the injuries at issue) impliedly
assumes the assailant and the apartment management did not have a familial relationship between
them. That assumption, however, does not apply in the case now before us. 

 Hammock and Smith were uncle and nephew, respectively, although the familiarity each had
with the other is a question of fact not resolved by the court below. When it is claimed a premises
owner should have foreseen a criminal act by a relative, we must examine the extent of the relative's
prior criminal conduct before determining what the premises owner knew or should have known. 
Cf. Timberwalk Apartments, Partners, Inc., 972 S.W.2d at 757 (whether such risk was foreseeable
must be determined in light of what the premises owner knew or should have known before a
criminal act occurred).

 When reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor.
Limestone Prods. Distrib., Inc. v. McNamara, 71 S.W.3d 308, 311 (Tex. 2002); Rhone-Poulenc, Inc.
v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). On appeal, the movant must show there is no material
fact issue and the movant is entitled to judgment as a matter of law. Rhone-Poulenc, Inc., 997
S.W.2d at 223.

 Summary judgment is proper when the movant establishes there is no genuine issue of
material fact and he or she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671 (Tex. 1979); Baubles & Beads v. Louis
Vuitton, S.A., 766 S.W.2d 377 (Tex. App.-Texarkana 1989, no writ). The question on appeal is not
whether the summary judgment proof raises a fact issue with reference to the essential elements of
the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant
is entitled to summary judgment as a matter of law. Gonzalez v. Mission Am. Ins. Co., 795 S.W.2d
734, 736 (Tex. 1990). Because the movant bears the burden of proof, all conflicts in the evidence
are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the
genuine issue of material fact are resolved in favor of the nonmovant. Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546 (Tex. 1985). 

 In his motion for summary judgment, Hammock contends it was not foreseeable Smith would
commit the criminal act of shooting De Julian with a BB gun. De Julian submitted an affidavit from
Ken Walker to support De Julian's opposition to the summary judgment motion. Walker's affidavit
suggests Smith had prior involvement with the juvenile justice system, but it fails to detail the
specifics of any alleged juvenile adjudications. (1) Stated differently, Walker's affidavit does not
specifically suggest Smith's delinquent conduct was for assaultive behavior. In contrast, there was
other evidence before the trial court that Smith's involvement with the juvenile justice system was
for the nonassaultive offenses of criminal mischief and criminal trespass. See Tex. Pen. Code Ann.
§§ 28.03, 30.05 (Vernon 2003). We further note Smith was nineteen years old at the time of the
incident at issue in this case, and the State may only prosecute someone as a juvenile for acts he or
she committed before reaching the age of seventeen. (2) Tex. Fam. Code Ann. § 51.02(2) (Vernon
2002). This suggests that any alleged contact with the juvenile justice system would have occurred
at least three years before the incident at issue. Additionally, there is no evidence in the record of
any alleged adult criminal conduct by Smith (other than the shooting at issue). (3) Accordingly, there
was no evidence Hammock either knew of or should have known of any recent assaultive conduct
committed by Smith. See Timberwalk Apartments, Partners, Inc., 972 S.W.2d at 758 (complete
absence of previous crimes negates the foreseeability element). De Julian's summary judgment
evidence failed to satisfy his burden under the first prong of Timberwalk. The trial court did not err
by granting Hammock's motion for summary judgment.


III. Did the trial court err by failing to postpone consideration of Hammock's motion for
summary judgment?


 In his second point of error, De Julian contends the trial court should have postponed
consideration of the summary judgment motion to allow De Julian or the police more time to locate
Smith. (4) De Julian claims he needed to depose Smith to show it was foreseeable for Hammock to
anticipate Smith's criminal conduct. Walker's affidavit did not suggest how much additional time
De Julian would need to locate and depose Smith. 

 A trial court may continue a hearing on a motion for summary judgment if it appears from
the evidence presented to the court that the party opposing the motion cannot present by affidavit
"facts essential to justify his opposition." Tex. R. Civ. P. 166a(g). Granting such a continuance is
not mandatory, but permissive. Id. We will not overturn a trial court's decision to grant or deny a
motion for continuance absent a showing the trial court abused its discretion. Parker v. Dodge, 98
S.W.3d 297, 302 (Tex. App.-Houston [1st Dist.] 2003, no pet.). 

 "When a party contends that it has not had an adequate opportunity for discovery before a
summary judgment hearing, it must file either an affidavit explaining the need for further discovery
or a verified motion for continuance." Id. (citing Tenneco, Inc. v. Enter. Prods. Co., 925 S.W.2d
640, 647 (Tex. 1996); and referencing Tex. R. Civ. P. 166a(g), 251, and 252)). In his affidavit,
Walker explained that efforts to obtain Smith's criminal history had been unsuccessful because both
Smith's juvenile and adult criminal records were sealed. Walker claimed, "Until such time as Smith
can be found for deposition, or until such time as the juvenile records and pre-sentence investigation
report is [sic] unsealed, Plaintiff cannot produce affidavits or other summary judgment proof
concerning Smith's criminal history." The affidavit further stated, "there is no way to investigate
what Defendant Hammock might have known about Smith's prior history until Plaintiff can discover
what there is to know." The affidavit fails, however, to give any basis for the trial court to weigh the
materiality of the requested discovery or the length of the continuance that would be needed. Cf.
Carter v. MacFadyen, 93 S.W.3d 307, 310 (Tex. App.-Houston [14th Dist.] 2002, pet. denied). We
also note the plaintiff filed his suit on May 1, 2000; the trial court did not grant summary judgment
until almost three years later, on December 31, 2003. Given the lengthy period of time available for
discovery and the lack of specificity of time De Julian was seeking to have the hearing continued so
Smith could be located and deposed, we do not believe the trial court abused its discretion by
denying a continuance. We overrule De Julian's second point of error.

 For the reasons stated, we affirm the trial court's judgment.


 

 Jack Carter

 Justice


Date submitted: August 25, 2003

Date decided: August 26, 2003


1. In fact, Walker's affidavit states he does not know the specific contents of Smith's juvenile
record because it is sealed and Smith cannot be located so as to enable an investigation of his prior
criminal history.
2. The Timberwalk court acknowledged that criminal conduct occurring farther from the
landowner's property may activate a duty by the landowner to prevent similar harm, "[b]ut such
evidence must be especially strong, and must show that the risk of criminal conduct on the
landowner's property is not merely increasing but has reached a level as to make crime likely." 
Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 757 (Tex. 1998).
3. There is also no evidence in the record before us of any other, general criminal activity at
Hammock's apartment complex or in the surrounding vicinity from which the trial court might have
inferred the likelihood of an assault similar to what happened in the case now before us.
4. De Julian's summary judgment response incorporates hearsay evidence suggesting the State
had issued a warrant for Smith's arrest for violating the terms and conditions of his adult community
supervision.