In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00010-CV

                                                ______________________________

 

 

                                       BRENDA RITCHEY,
Appellant

 

                                                                V.

 

                       STEVE PINNELL AND AMY PINNELL, Appellees

 

 

                                                                                                  


 

 

                                      On Appeal from the 402nd
Judicial District Court

                                                             Wood County, Texas

                                                          Trial Court
No. 2008-195

 

                                                        
                                          

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

            Brenda
Ritchey appeals the trial court’s order granting Steve and Amy Pinnell’s motion
for summary judgment.  Ritchey purchased
a home from the Pinnells which Steve had remodeled prior to the purchase.  Steve had purchased the home as an investment[1]
intending to remodel the home and resell it. 
The remodeling included extensive plumbing and electrical work.  Although Steve hired a licensed electrician
to “move the . . . service line from the front of the house to the -- to the
side of the house,” Steve did the majority of the electrical work and all of
the plumbing himself without a license, without obtaining permits, and without
inspections.  Ritchey filed suit againt
the Pinnells for statutory real estate fraud[2] and
breach of contract.  After discovery, the
Pinnells filed a combination traditional and no-evidence motion for summary judgment.  After a hearing,[3] the
trial court granted the Pinnells’ motion for summary judgment.  On appeal, Ritchey argues the trial court
erred in granting the motion for summary judgment because the independent
investigation for Ritchey did not preclude recovery, the Pinnells made material
misrepresentations, the “as is” clause does not prevent recovery for statutory
fraud, and there is some evidence the Pinnells breached the contract.  We reverse the trial court’s order granting
the Pinnells’ motion for summary judgment as to the statutory fraud claim
because there are genuine issues of material fact and affirm the summary
judgment regarding the breach of contract claim.   

I.          Factual Summary 

            Steve
testified that he is not a licensed electrician and that he learned how to do
electrical work by reading “how-to guides” and “look[ing] at things that were
done in my house already.”  In the seller’s
disclosure,[4]
the Pinnells represented that there were no “alterations or repairs made without
necessary permits or not in compliance with building codes in effect at the
time.”  Steve testified in his deposition
that he thought he “was doing it properly and that I was doing everything the
right way.”  Steve asserted, “I thought
if I owned the home, I could work on anything on my side of the City’s box.”  

            The
parties signed a standard preprinted form real estate contract.  This contract contained a clause that the
buyer “accepts the Property in its present condition.”  After the purchase, Ritchey alleges that she
discovered much of the electrical work did not meet code requirements and was
performed without the necessary permits.[5]  Ritchey also alleges the water heater is
located in the wrong location.[6]  Ritchey was refused an application for a certificate
of occupancy.[7]  Eventually, Steve was fined by the Texas
Department of Licensing and Regulation for performing electrical repairs
without a license.  

II.        Standard of Review 

            In
reviewing an order granting summary judgment, we are restricted to the
arguments expressly presented to the trial court in the written motion for
summary judgment and the response.  Tex. R. App. P. 33.1; Tex. R. Civ. P. 166a(c); see Clear Creek Basin Auth., 589 S.W.2d at
677; Driskill v. Ford Motor Co., 269
S.W.3d 199, 206 (Tex. App.––Texarkana 2008, no pet.).  In determining whether grounds are expressly
presented to the trial court, appellate courts “may not rely on briefs or
summary judgment evidence.”  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 912 (Tex. 1997).  In our
review, we “must review all of the summary judgment grounds on which the trial
court actually ruled, whether granted or denied, and which are dispositive of
the appeal, and may consider any grounds on which the trial court did not rule.”  Baker
Hughes, Inc. v. Keco R. & D., Inc., 12 S.W.3d 1, 5 (Tex. 1999)
(citations omitted).  

            The
Pinnells filed a combination traditional and no-evidence motion for summary
judgment.  A combination motion is
permissible under the Texas Rules of Civil Procedure.  Binur
v. Jacobo, 135 S.W.3d 646, 650 (Tex. 2004); see Tex. R. Civ. P.
166a.  In their written motion for
summary judgment, the Pinnells argued there was no evidence of statutory real
estate fraud because there was no evidence of a false representation and no
evidence Ritchey relied upon a false representation.  The Pinnells also argued Ritchey’s reliance
was negated as a matter of law because she hired an inspector.  Last, the Pinnells argued summary judgment
should be granted on the breach of contract claim because there was no evidence
the Pinnells breached the contract. 
Although the Pinnells argue on appeal that the “as is” clause of the
contract should prohibit recovery for statutory real estate fraud, this
argument was not raised in the Pinnells’ motion for summary judgment.

            To
prevail on a traditional motion for summary judgment, a movant must establish
that there is no genuine issue as to any material fact and that the movant is
entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Clear Creek Basin Auth., 589 S.W.2d 671;
Baubles & Beads v. Louis Vuitton, S.A.,
766 S.W.2d 377 (Tex. App.––Texarkana 1989, no writ).  The defendant must conclusively negate at
least one element of each of the plaintiff’s theories of recovery or plead and
conclusively establish each element of an affirmative defense.  Martinez,
941 S.W.2d at 911.  Because the movant
bears the burden of proof, all conflicts in the evidence are disregarded,
evidence favorable to the nonmovant is taken as true, and all doubts as to the
genuine issues of material fact are resolved in favor of the nonmovant.  Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546 (Tex. 1985); see Limestone Prods. Distrib., Inc. v. McNamara, 71 S.W.3d 308, 311
(Tex. 2002); Rhone-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 223 (Tex. 1999).  A
motion for summary judgment must stand on its own merits, and the nonmovant may
argue on appeal that the movant’s summary judgment proof is insufficient as a
matter of law, even if the nonmovant filed no response to the motion.  See M.D.
Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).

            To
prevail on a no-evidence motion for summary judgment, the movant must first
allege there is no evidence of one or more specified elements of a claim or
defense on which the nonmovant would have the burden of proof at trial.  Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006); see Tex. R. Civ. P.
166a(i).  If the nonmovant produces less
than a scintilla of probative evidence on the specified element, the motion
must be granted.  Id.  “Less than a scintilla
of evidence exists when the evidence is ‘so weak as to do no more than create a
mere surmise or suspicion’ of a fact.”  King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003) (quoting Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)).

III.       Statutory Fraud Claim

            A.        Independent Inspection 

            The
Pinnells argue Ritchey’s claims were negated as a matter of law because Ritchey
hired an inspector who inspected the premises prior to closing.  In her summary judgment affidavit, Ritchey
stated that she relied upon the sellers’ disclosure in deciding to purchase the
house.  The Pinnells, though, claim the
fact that Ritchey hired an inspector establishes Ritchey did not rely on the
disclosure as a matter of law.

            The
Pinnells rely on M.L. Mayfield Petroleum
Corp. v. Kelly, which held the reliance element of fraud is negated by
evidence that a purchaser relied upon his own investigation.  450 S.W.2d 104 (Tex. Civ. App.––Tyler 1970,
writ ref’d n.r.e.).  The court held:

[N]o purchaser who relies on his own investigation
may successfully assert that he relied upon representations made to him by his
vendor.  If a purchaser makes a personal
investigation which is free and unhampered and the conditions are such that he
must obtain the information he desires, he is presumed to rely upon his own
investigation rather than on representations made to him by his vendor.

 

Id. at 110.  

            In
considering the same issue, the Dallas Court of Appeals has taken a different
approach.  That court has held that an
independent inspection negates causation and reliance as a matter of law when
the buyer relied solely on the pre-purchase inspection, which revealed the
defect complained of, and there is a renegotiation of the sales contract
establishing that the existence of the defect was part of the parties’
bargain.  See Bernstein v. Thomas, 298 S.W.3d 817, 822–23 (Tex. App.––Dallas  2009, no pet.); Kupchynsky v. Nardiello, 230 S.W.3d 685, 688–89 (Tex. App.––Dallas  2007, pet. denied); Fernandez v. Schultz, 15 S.W.3d 648, 652 (Tex. App.––Dallas 2000,
no pet.); Dubow v. Dragon, 746 S.W.2d
857, 860 (Tex. App.––Dallas 1988, no writ). 
But see Lesieur v. Fryar, No. 04-09-00397-CV,
2010 Tex. App. LEXIS 5477 (Tex. App.––San Antonio July 14, 2010, no pet.
h.) (rejecting the test announced in Dubow
and its progeny).  We agree with the
reasoning of the Dallas court on this issue. 


            In
this case, there is no evidence that Ritchey’s inspection revealed the defect
complained of.  While an independent
inspection may discover repairs which do not meet code requirements, we note
most physical home inspections are unlikely to discover whether the proper permits
were obtained.  Further, the evidence
establishes there was no renegotiation of the contract based on the results of
the inspection.  Therefore, the fact that
Ritchey hired an inspector does not negate reliance and causation as a matter
of law.  The fact that Ritchey hired an
inspector merely creates a fact issue concerning whether Ritchey relied upon
the misstatement that no work was conducted without the necessary permits.  Genuine issues of material fact exist
concerning whether the fact that Ritchey hired an inspector negated the
reliance and causation elements of statutory real estate fraud.

            B.        The Effect of the “As Is” Clause 

            On
appeal, the Pinnells argue that the trial court did not err in granting summary
judgment because the “as is” clause contained in the contract prohibits
recovery for statutory real estate fraud. 
In Prudential Insurance Co. of America v. Jefferson Associates,
Ltd., the Texas Supreme Court concluded an “as is” agreement may negate the
element of causation necessary to recover on claims regarding the physical
condition of the property, including statutory real estate fraud.[8]
 See
Prudential Ins. Co. of Am. v. Jefferson
Assocs., Ltd., 896 S.W.2d 156, 161 (Tex. 1995).  The parties in this case executed the
standard preprinted “ONE TO FOUR FAMILY RESIDENTIAL CONTRACT (RESALE).”  This contract provided “Buyer accepts the
Property in its present condition; provided Seller, at Seller’s expense, shall
complete the following specific repairs and treatments” with the following
addition:  “repair or replace damaged
wood on exterior of house as shown in Exhibit ‘A.’”  There is no dispute that this provision
qualifies as an “as is” clause.  The
parties, though, dispute whether this “as is” clause bars Ritchey from
recovering for statutory real estate fraud.

            Ritchey’s
brief on appeal alleges the Pinnells’ motion for summary judgment alleged that
Ritchey’s causes of action “failed because she had accepted the property “as is”
in her May 17, 2007, purchase agreement.” 
The Pinnells did not argue the “as is” clause barred recovery for
statutory real estate fraud or cite the Prudential
line of cases in their motion for summary judgment.  Although the Pinnells’ motion for summary
judgment references the “as is” clause in reference to the breach of contract
cause of action, the motion does not advance this argument in the context of
statutory real estate fraud.  

            In
reviewing an order granting summary judgment, we are restricted to the
arguments expressly presented to the trial court in the written motion for
summary judgment and the response.  Tex. R. App. P. 33.1; Tex. R. Civ. P. 166a(c); see Clear Creek Basin Auth., 589 S.W.2d at
677; Driskill, 269 S.W.3d at 206.  Although the briefs claim the issue was an
available ground for summary judgment, we may not rely on the briefs in
determining whether grounds are expressly presented to the trial court.  Martinez,
941 S.W.2d at 912.  The failure to raise
a ground in a motion for summary judgment precludes summary judgment from being
granted on that ground.  See id.;
Klentzman v. Brady, 312 S.W.3d 886
(Tex. App.––Houston [1st Dist.] 2009, no pet.). 
“A motion must stand or fall on the grounds expressly presented in the
motion.”  McConnell, 858 S.W.2d at 341. 


            The
record suggests the “as is” clause argument was raised during the hearing on
the motion for summary judgment.[9]  Summary judgment issues, though, must be
presented in writing and may not be presented orally to the trial court.  See
Clear Creek Basin Auth., 589 S.W.2d at 677 (“To permit ‘issues’ to be
presented orally would encourage parties to request that a court reporter
record summary judgment hearings, a practice neither necessary nor appropriate
to the purposes of such a hearing.”); see
Tex. R. Civ. P. 166a.

            Summary
judgment cannot be granted on grounds not properly presented to the trial court
in the written motion for summary judgment. 
Because the Pinnells failed to raise, in their written motion for
summary judgment, the issue of whether the “as is” clause negates the statutory
real estate fraud causation, summary judgment could not be granted on that
ground.  

            C.        Knowledge of Misrepresentations  

            The
Pinnells’ motion for summary judgment also argued there was no evidence Steve
knew the misrepresentation was false and no evidence the alleged
misrepresentations induced the sale.  

            Statutory
fraud does not require a declarant to know the misrepresentation to be false in
order to be liable for actual damages.  Larsen v. Carlene Langford & Assocs.,
41 S.W.3d 245, 249 (Tex. App.––Waco 2001, pet. denied); Brush v. Reata Oil & Gas Corp., 984 S.W.2d 720, 726 (Tex.
App.––Waco 1998, pet. denied) (The statutory cause of action differs from the
common-law fraud “except that the statute does not require proof of knowledge
or recklessness as a prerequisite to the recovery of actual damages.”).  Under Section 27.01(a)(1) of the Texas Business
and Commerce Code, a person commits statutory real estate fraud if he or she
(1) makes a false representation, (2) of a past or existing material fact, (3)
to a person, (4) for the purpose of inducing that person to enter into a
contract, and (5) the person relies on that representation in entering into
that contract.  Tex. Bus. & Com. Code Ann. § 27.01(a)(1).  The statute allows recovery of actual damages
by the defrauded person.  Thus, Ritchey
was not required to present evidence that Steve knew the misrepresentation was
false to recover actual damages.[10]

            There
is some evidence the false representation induced the sale.  The alleged misrepresentation occurred in the
sellers’ disclosure prior to the sale. 
In her summary judgment affidavit, Ritchey states that she “read and
relied on the Notice in deciding to enter into the contract pursuant to which I
would agree to purchase the home.”  She
states that Steve “has conceded he had no permits, no code, and no inspections
for the work he did.”  Further, her
affidavit stated she had been unable to obtain an occupancy permit to move into
the home.  There is more than a scintilla
of evidence the false representation induced the sale.  

            The
trial court erred in granting the Pinnells’ motion for summary judgment on the
statutory fraud cause of action. 

IV.       Breach of Contract Cause
of Action

            Ritchey
argues that the trial court erred in granting summary judgment on her breach of
contract claim because the “Pinnells agreed to sell and Ritchey agreed to
purchase a residence suitable for occupancy.” 
In their motion for summary judgment, the Pinnells alleged the “as is”
clause defeats Ritchey’s claims and there is no evidence the Pinnells breached
the contract.  A buyer, when purchasing
something “as is,” agrees to make his or her own appraisal of the bargain and
to accept the risk that the buyer may be wrong. 
Mid Continent Aircraft Corp. v.
Curry County Spraying Serv., Inc., 572 S.W.2d 308, 313 (Tex. 1978); Oakwood Mobile Homes, Inc. v. Cabler, 73
S.W.3d 363, 370 (Tex. App.––El Paso 2002, pet. denied).  “[T]he nature of an ‘as is’ clause is to
avoid the creation of any warranties, express or implied; thus the clause
negates such warranties to the extent allowed by law.”[11]  Welwood
v. Cypress Creek Estates, Inc., 205 S.W.3d 722, 728 (Tex. App.––Dallas
2006, no pet.).  The “as is” clause
negates any contractual[12]
claims based on defects in the condition of the house.  Ritchey agreed to make her own appraisal of
the condition of the house and assumed the risk that her appraisal was
incorrect.  There is no evidence the
Pinnells breached the contract.  The
trial court did not err in granting the Pinnells’ motion for summary judgment
on the breach of contract claim.

V.        Conclusion 

            The
Pinnells failed to establish they were entitled to a traditional summary
judgment on the statutory real estate fraud cause of action.  The fact that Ritchey hired an inspector,
standing alone, does not negate reliance or causation.  Fact issues exist concerning whether the
hiring of an inspector negates causation or reliance.  The issue of whether the “as is” clause
negates causation was not raised by the Pinnells’ motion for summary judgment on
this issue and, therefore, cannot be a basis for granting summary judgment.  The trial court erred in granting summary
judgment concerning the statutory real estate fraud cause of action.  

            Because
the “as is” clause negates any contractual claims based on defects in the
condition of the house and there is no evidence the Pinnells breached the sales
agreement, the trial court did not err in granting summary judgment to the
Pinnells on Ritchey’s breach of contract claims.  We reverse in part and affirm in part.  We affirm the portion of the summary judgment
rendering the Pinnells a take-nothing judgment on Ritchey’s breach of contract
claims.  We reverse the portion of the
summary judgment concerning statutory real estate fraud and remand for further
proceedings consistent with this opinion.

 

 

 

                                                                        Jack
Carter

                                                                        Justice


 

Date Submitted:          August
20, 2010

Date Decided:             September
21, 2010

 











[1]There
is no evidence that Steve ever claimed the house as his homestead.  

 





[2]See Tex.
Bus. & Com. Code Ann. § 27.01(a)(1) (Vernon 2009).  The reliance and materiality elements of
statutory real estate fraud “do not differ from common law fraud.”  Fisher
v. Yates, 953 S.W.2d 370, 381 n.7 (Tex. App.––Texarkana 1997), writ denied, 988 S.W.2d 730 (Tex. 1998)
(per curiam).

 





[3]The
trial court’s docket sheet indicates a hearing was held on the motion for
summary judgment.  The parties have not
provided this Court with a reporter’s record of the hearing.  “In a summary judgment hearing, the trial
court’s decision is based upon written pleadings and written evidence rather
than live testimony.”  Paselk v. Rabun, 293 S.W.3d 600, 610
(Tex. App.––Texarkana  2009, pet.
denied).  A reporter’s record of the
hearing is not necessary in summary judgment proceedings.  See
McConnell v. Southside Indep. Sch. Dist.,
858 S.W.2d 337, 343 n.7 (Tex. 1993); City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex. 1979).





[4]The
Pinnells argue they were not required to make a seller’s disclosure.  This is incorrect.  The Texas Property Code requires, subject to
a few limited exceptions which do not apply here, a number of disclosures,
including whether “alterations or repairs [have been] made without necessary
permits or not in compliance with building codes in effect at that time.”  Tex.
Prop. Code Ann. § 5.008(a), (b), (e) (Vernon Supp. 2010) (this statute
has been amended since the transaction in question, but none of the amendments
are relevant to this appeal); see Myre v.
Meletio, 307 S.W.3d 839, 843 (Tex. App.––Dallas 2010, pet. filed) (“In the
context of a real estate transaction, a seller is under a duty to disclose
material facts that would not be discoverable by the exercise of ordinary care
and diligence by the purchaser, or that a reasonable investigation and inquiry
would not uncover.”).  

 





[5]In
her deposition, Ritchey stated that her brother, who is a “journeyman master
electrician,” informed her of the problems. 
Whether the summary judgment evidence is sufficient to establish that
the electrical work did not meet code requirements was not challenged by the
Pinnells in their motion for summary judgment. 
The Pinnells do not contest that repairs were made without necessary
permits.

 





[6]The
Pinnells argued in their motion for summary judgment that the water heater’s
location is no evidence of a defect. 
Ritchey admitted the water heater is in the same location it was when
she purchased the house.  

 





[7]In
her summary judgment affidavit, Ritchey states her request for a certificate of
occupancy was refused.  In their
appellate brief, the Pinnells argue Ritchey did not request a certificate of
occupancy until after she had already filed suit.  The record citation provided does not support
this allegation, and we have not found any evidence in the record concerning when
Ritchey requested a certificate of occupancy.





[8]Prudential concerned a commercial real
estate transaction where the building was later found to contain asbestos.  Prudential
characterizes “as is” clauses as “facts which negate proof of causation
required for recovery.”  Prudential, 896 S.W.3d at 164.  The court reasoned, by agreeing to an “as is”
clause, the buyer disclaims the existence of any express or implied warranties,
agrees to make his or her own assessment of the bargain, and accepts the risk
that the buyer’s own assessment may be wrong. 
Id.  Thus, a valid enforceable “as is” clause
negates as a matter of law the possibility that the seller’s conduct will cause
him or her damage.  Id.  The Texas Supreme Court,
however, noted that not all “as is” clauses are valid and enforceable.  The court cautioned that an “as is” clause is
not enforceable if the seller induced the buyer to enter into the contract by a
fraudulent representation or if the seller engaged in conduct that impaired,
obstructed, or interfered with the buyer’s inspection of the property.  Id. at
160–62.  The Texas Supreme Court held
that a fraudulent representation occurs when “the maker knew it was false when
he made it or made it recklessly without knowledge of the truth.”  Id. at 163.  Distinguishing misrepresentations from a
failure to disclose, the Texas Supreme Court held a party is not liable for
failing to disclose a defect unless the party had actual knowledge of the
defect.  Id.  Finally, other aspects of a transaction may
make an “as is” agreement unenforceable. 
The court should inquire whether the clause “is an important part of the
basis of the bargain, not an incidental or ‘boiler-plate’ provision, and is
entered into by parties of relatively equal bargaining position.”  Id.
at 162; see Kupchynsky v. Nardiello, 230 S.W.3d 685, 691 (Tex. App.––Dallas
2007, pet. denied).





[9]Ritchey’s
motion for new trial suggests that the Pinnells argued the “as is” clause bars
recovery for statutory real estate fraud to the trial court at the hearing on
the motion for summary judgment.  As
noted above, we do not have a reporter’s record of the hearing on the motion
for summary judgment.  





[10]Statutory
real estate fraud requires actual awareness to recover exemplary damages.  Tex.
Bus. & Com. Code Ann. § 27.01(c). 
Because actual knowledge is not required to recover actual damages, it
is not necessary for us to decide whether there is some evidence of actual
knowledge.

 





[11]Under
certain circumstances, though, an implied warranty cannot be waived.  See
Centex Homes v. Buecher, 95 S.W.3d
266, 274–75 (Tex. 2002) (implied warranty of habitability “can be waived only
to the extent that defects are adequately disclosed”); Humber v. Morton, 426 S.W.2d 554, 555 (Tex. 1968) (recognizing an
implied warranty of habitability for new homes sold by builder); Ritchey does
not allege this transaction created implied warranties which could not be
waived.

 





[12]We
note “[t]he acts of a party may breach duties in tort or contract alone or
simultaneously in both.”  Jim Walter Homes, Inc. v. Reed, 711
S.W.2d 617, 618 (Tex. 1986).  The
applicability of the “as is” clause to a tort claim, under Prudential, 896 S.W.2d at 162, differs from its applicability to a
breach of contract claim.  We have not
addressed whether the “as is” clause would bar recovery for a tort claim such
as statutory real estate fraud.